IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GAIL SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-373 (RDA/IDD) |
| | ) |
| STEVE ACKERMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Ryan Coogler, Joe Robert Cole, Steve

Ackerman, and The Walt Disney Company's (collectively, "Defendants") Motion to Dismiss (Dkt.

17) and *pro se* Plaintiff Gail Scott's Motion for Leave to Amend Complaint (Dkt. 32). This Court

has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P.

78(b); Local Civil Rule 7(J). This matter has been briefed and is now ripe for disposition.

Considering the motions together with Defendants' Memorandum in Support of its Motion to

Dismiss (Dkt. 18) and Defendants' Opposition to Plaintiff's Motion to Amend (Dkt. 36),[1] this

Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiff's Motion for Leave to

Amend Complaint for the reasons that follow.

---

[1] Despite several opportunities to do so, Plaintiff has not filed an opposition to the Motion
to Dismiss. Dkts. 27; 38. Rather, Plaintiff has filed a document titled "Support to Facts." Dkt.
35. Although that document does not directly correspond to either motion currently pending before
the Court, the Court has also considered Plaintiff's Support to Facts in deciding the pending
motions.

1

## I.  BACKGROUND

### A.  Factual Background[2]

Plaintiff, a Maryland resident, alleges that Defendants, residents of California, infringed on her copyright when they wrote, filmed, and distributed the *Black Panther* movie in 2018.  Dkt. 9 at 4-5.  On April 6, 2018, Plaintiff saw the film at a theater in Brandywine, Maryland, and realized that it "[was] Plaintiff's script up there."  *Id.* at 5.  She states that she was denied royalties in a letter from Defendant Steve Ackerman, counsel for Defendant The Walt Disney Company, allegedly stating that "Black Panther is an original creation of the screenwriters based on their own creativity and the Marvel comic book source material."  *Id.*  Plaintiff claims, however, that her manuscript is "the source work" and that Defendants have slighted her "since Plaintiff has received no royalty check from Defendants."  *Id.*  Plaintiff asserts that the damages amount to $673,500,000, which she claims is half of the earnings from the *Black Panther* movie.  *Id.*

### B.  Procedural Background

Plaintiff filed her initial Complaint on April 5, 2022.  Dkt. 1.  On February 29, 2024, this Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) because she had failed to serve the Complaint within 90 days of its filing.  Dkt. 4 at 1.  On March 19, 2024, Plaintiff filed the operative Amended Complaint and served Defendants. Dkt. 9.  After receiving an extension of time to file a response to the Amended Complaint, Dkt. 16, Defendants filed the instant Motion to Dismiss on May 9, 2024, Dkt. 17.

---

[2] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, although the Amended Complaint is written entirely in uppercase letters, for clarity and readability, the Court will follow standard capitalization conventions when quoting from the Amended Complaint.

On May 15, 2024, Plaintiff filed a Motion to Continue Civil Action to allow her time to secure an attorney. Dkts. 20 at 3; 22 at 3. On May 31, 2024, the Motion to Continue Civil Action was granted insofar as Plaintiff's time to respond to Defendants' Motion to Dismiss was extended to June 21, 2024, but denied in all other respects. Dkt. 27. Plaintiff filed another Motion to Continue Civil Action on June 11, 2024, that was denied the next day. Dkts. 29; 30.

On June 18, 2024, Plaintiff filed her first document titled "Support to Facts." Dkt. 31. That document contained no allegations. *Id.* On August 2, 2024, Plaintiff filed a Motion for Leave of Court to Amend Complaint. Dkt. 32. On August 12, 2024, Plaintiff filed her second document titled "Support to Facts," which contains additional allegations and discussion. Dkt. 35. Defendants filed an Opposition to the Motion for Leave on August 19, 2024. Dkt. 36.

On November 20, 2024, this Court issued a notice in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff that Defendants filed the instant Motion to Dismiss and giving Plaintiff an additional twenty-one days to file a response opposing the Motion. Dkt. 38. That deadline has now passed, and, to date, Plaintiff has not filed a response brief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When resolving a Rule 12(b)(2) motion, a court undertakes a two-step analysis. First, a court looks to whether personal jurisdiction is authorized by state law. *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004). Second, a court determines whether the exercise of personal jurisdiction comports with the constitutional requirements of due process. *Id.* Virginia's long-arm statute extends personal jurisdiction to the constitutionally permissible limits of the Due Process Clause of the Fourteenth Amendment. *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Accordingly, "the statutory inquiry merges with the

3

constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).

As to each defendant, a court must find sufficient "minimum contacts [with the state] . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction."). That inquiry involves exploring whether general or specific personal jurisdiction exists over any non-resident defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

When determining whether there is personal jurisdiction over a case, a district court "must accept as true the uncontroverted factual allegations in the plaintiff's complaint." *Mattiaccio v. Cantu Apiaries of Fla., LLC*, No. 1:21-CV-00421, 2022 WL 1597826, at *3 (E.D. Va. May 19, 2022) (quoting *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013)). When a court does not conduct an evidentiary hearing on personal jurisdiction, a case may be dismissed for lack of personal jurisdiction if the plaintiff has failed to make a *prima facie* showing. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). If a *prima facie* showing is made, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction [so] unreasonable," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985), as to "offend traditional notions of fair play and substantial justice," *Int'l Shoe*, 326 U.S. at 316. In evaluating the parties' requisite burdens, a court may rely on "motion papers, supporting legal memoranda, [ ] the allegations in the complaint," *Consulting Eng'rs*, 561 F.3d at 276, and "the contents of affidavits and any other relevant matter submitted by the parties to assist it in determining the jurisdictional facts," 5B Alan Wright & Arthur Miller, Fed. P. & Proc. § 1351, at 305 (3d ed. 2004). *See also In re Polyester Staple Antitrust Litig.*, No. MDL 3:3-CV-1516, 2008

4

WL 906331, at *7 (W.D.N.C. Apr. 1, 2008) (explaining that, in determining whether a plaintiff has made a *prima facie* showing, "the court 'may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts'" (quoting *Reese Bros. v. U.S. Postal Serv.*, 477 F. Supp. 2d 31, 36-37 (D.D.C. 2007))).

### III. ANALYSIS

Defendants move this Court to dismiss the instant action for (1) lack of personal jurisdiction and (2) failure to state a claim in the Amended Complaint. Because the Court finds that it lacks personal jurisdiction over the Defendants, the Court need not address the merits of the Motion to Dismiss or the Motion to Amend.

The Court first considers whether Plaintiff has made a *prima facie* showing of personal jurisdiction over Defendants. Courts have categorized personal jurisdiction in two ways: specific and general. A court may exercise general jurisdiction over a non-resident defendant for non-forum related activities when that defendant's operations in the state are "so substantial" and so "'continuous and systemic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Int'l Shoe*, 326 U.S. at 318; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction for individuals is generally limited to those states where the individual is domiciled, while general jurisdiction over corporations is limited to "an equivalent place," such as the corporation's place of incorporation or principal place of business. *Daimler AG*, 571 U.S. at 136 (quoting *Goodyear*, 564 U.S. at 919).

Meanwhile, specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant where the litigation arises out of or relates to the nonresident defendant's contacts with the forum. *Heathmount A.E. Corp. v. Technodome.com*, 106 F. Supp. 2d 860, 865 (E.D. Va. 2000). To satisfy due process in the exercise of specific jurisdiction, a court must find "that the defendant purposefully directed his activities at residents of the forum thereby availing

5

himself of the privilege of conducting activities therein and invoking the benefits and protections of the forum's laws." *Id.* (citing *Burger King Corp.*, 471 U.S. at 472). "As a corollary to this 'purposeful availment' requirement, courts" also "consider whether the . . . nonresident defendant could reasonably have" foreseen "being haled into court in the forum state." *Id.* (citing *Burger King Corp.*, 471 U.S. at 474).

The Court considers each category of personal jurisdiction in turn.

### A.  General Jurisdiction

Defendants assert that this Court lacks general jurisdiction because Plaintiff's Amended Complaint fails to establish that any Defendant is "at home" in Virginia.  This Court agrees.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," *Goodyear*, 564 U.S. at 924, such as the corporation's place of incorporation and the principal place of business, *Medmarc Cas. Ins. Co. v. GD Grp. USA Co.*, 669 F. Supp. 3d 555, at 562 (E.D. Va. 2023).

Here, Plaintiff fails to allege that any of the individual Defendants are domiciled in Virginia or that the Walt Disney Company is incorporated or has its principal place of business in Virginia. Instead, the Amended Complaint lists Defendants Coogler, Cole, Ackerman, and The Walt Disney Company[3] as residents of California.  Dkt. 9 at 2.  Plaintiff alleges no other jurisdictional facts. This Court therefore lacks general jurisdiction over Defendants because the Amended Complaint fails to establish that any of the Defendants have continuous and systematic contacts with Virginia so as to be considered "at home" in this forum.

---

[3] The Walt Disney Company is a Delaware corporation with its principal place of business in Burbank, California.  Dkt. 18-1 ¶ 2 (Declaration of Patrick J. Curran, Jr.).

### B. Specific Jurisdiction

Defendants also argue that Plaintiff cannot establish specific jurisdiction "because her claims do not arise out of any activity by any Defendant that takes place in or otherwise targets Virginia." Dkt. 18 at 10. This Court again agrees.

The exercise of specific jurisdiction requires that the litigation arises out of or relates to the nonresident defendant's contacts with the forum. *Heathmount*, 106 F. Supp. 2d at 865. Here, Plaintiff does not allege that any activity by any Defendant takes place in or otherwise targets Virginia. In fact, Virginia is not mentioned in the Amended Complaint at all. Instead, Plaintiff merely alleges: (i) that she saw the *Black Panther* film in a theater in Brandywine, Maryland; (ii) that she is a resident of Maryland; and (iii) that Defendants are residents of California and have denied her royalties. Dkt. 9 at 1-5. None of these facts demonstrate that Defendants have purposefully availed themselves of this forum so as to reasonably foresee being haled into court in Virginia. This Court therefore cannot exercise specific personal jurisdiction over Defendants. *See Levi v. Twentieth Century Fox Film Corp.*, No. 3:16CV129, 2017 WL 1227933, at \*4-7 (E.D. Va. Mar. 30, 2017) (dismissing copyright infringement complaint because the plaintiff did not allege any facts showing that the defendants had availed themselves of conducting any activities in Virginia).

\*       \*       \*

In sum, the Amended Complaint must be dismissed because this Court cannot exercise general or personal jurisdiction over Defendants.[4] The dismissal will be without prejudice,

---

[4] Defendants also seek dismissal of the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, because this Court concludes that it lacks personal jurisdiction over Defendants, this Court will not address the request to dismiss the Amended Complaint for failure to state a claim. *Levi*, 2017 WL 1227933, at \*7 ("Without jurisdiction to hale them into court in Virginia, the Court cannot evaluate the issues . . . raised in the [defendants'] Motion to Dismiss for Failure to State a Claim.").

however, to permit Plaintiff to file in a proper forum. Plaintiff's Motion for Leave of Court to Amend, Dkt. 32, will be denied as moot because, upon review of the motion, none of the issues addressed therein would cure the lack of personal jurisdiction and amendment would be futile.[5]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 17) is GRANTED and the Amended Complaint (Dkt. 9) is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff's Motion to Amend (Dkt. 32) is DENIED as moot.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
December *12*, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[5] Similarly, a review of Plaintiff's "Support to Facts" reveals no additional allegations that would cure the lack of personal jurisdiction here. Dkt. 35.